**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**FREDERICK WILSON (#119963)**                                    **CIVIL ACTION**

**VERSUS**

**EAST BATON ROUGE PARISH PRISON, ET AL.**              **NO. 09-0135-JJB-CN**

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, April 7, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FREDERICK WILSON (#119963)**                                      **CIVIL ACTION**

**VERSUS**

**EAST BATON ROUGE PARISH PRISON, ET AL.**          **NO. 09-0135-JJB-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the EBRPP and Warden Grimes. The plaintiff alleges that his constitutional rights were violated on May 13, 2008, when he was exposed to dangerous conditions of confinement. Specifically, he alleges that on that date, as a result of water which had accumulated on the floor of the restroom at his facility, he sustained a slip and fall and resulting injuries.

Pursuant to 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). See also, Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

Applying this standard in the instant case, the Court concludes that the plaintiff fails to state a claim of constitutional dimension and that his claims are, therefore, frivolous as a matter of law.  In this regard, he alleges that on May 13, 2008, while on his way to the restroom, he slipped and fell on water "coming from a overflowing drain".  The plaintiff complains that there was no sign warning of the wet floor and that he sustained a cut to his head which required five (5) stitches to repair.

Initially, the Court concludes that it is appropriate to dismiss the plaintiff's claims against the EBRPP.  A parish prison is not an entity subject to suit in this Court.  See, e.g., Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606 (E.D. La. 1998) (holding that a claim filed against a parish prison in federal court is subject to dismissal because the jailhouse "is not an entity, but a building.").  See also Oladipupo v. Austin, 104 F.Supp.2d 626 (W.D. La. 2000).

Turning to the plaintiff's claim against Warden Grimes, this claim of an alleged slippery condition within the plaintiff's housing unit implicates his Eighth Amendment constitutional right to be free from cruel and unusual punishment in the form of unconstitutional conditions of confinement.  In this regard, however, it is well-settled that the United States Constitution imposes upon prison officials only minimal requirements in the treatment and facilities which they provide to prisoners.  Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  A constitutional violation occurs only when two requirements are met.  First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need."  Harris v. Angelina County, Texas, 31 F.3d 331 (5th Cir. 1994), citing Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).  Second, under a subjective standard, the Court must

determine that the prison official responsible for the deprivation was "'deliberately indifferent' to inmate health or safety". Farmer v. Brennan, supra. Mere negligence is not a basis for liability under § 1983. Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). Rather, a prison official must both be personally aware of facts from which an inference may be drawn that a substantial risk of serious harm exists, and the official must also have drawn the inference. Farmer v. Brennan, supra. The deliberate indifference standard is appropriately applied to the plaintiff's allegations regarding the conditions of his confinement. Woods v. Edwards, 51 F.3d 577 (5th Cir. 1995); Wilson v. Seiter, supra.

In the instant case, there is no indication whatever that the single named defendant, Warden Grimes, was deliberately indifferent to the plaintiff's health or safety or deprived the plaintiff of any basic human need. All that the plaintiff has alleged is that there was an overflowing drain in his housing unit on May 13, 2008, and that this condition caused him to sustain a fall and injury on that date. The plaintiff does not allege that defendant Grimes, as warden at EBRPP, was personally aware, prior to the plaintiff's injury, that this condition existed or that it presented a significant risk of harm to the plaintiff's health or safety. Further, there is nothing in the record to suggest that the plaintiff and numerous other inmates housed in that facility were not generally able, on a daily basis, to negotiate the obvious hazard. Although it would certainly be preferable for there to be no water accumulating on the floor of the plaintiff's housing unit, it is clear that not every minimally deficient condition rises to the level of a constitutional deprivation. On the record before the Court, it does not appear that the alleged dangerous condition in the instant case represents the denial of a basic human need or represents deliberate conduct on the part of Warden Grimes in exposing the plaintiff to a

serious risk of injury of which the defendant was subjectively aware. Accordingly, on the record before the Court, the Court concludes that there is no basis for the imposition of liability against the defendant and that this action should be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's action be dismissed, with prejudice, as frivolous pursuant to 28 U.S.C. § 1915.[1]

Signed in chambers in Baton Rouge, Louisiana, April 7, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] Section 1915(g) of Title 28 provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."